NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
Ryan M. Ferrell, Bar No. 258037
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MATUS, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>PREMIUM NUTRACEUTICALS, LLC., a Georgia Corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No. 5:15-cv-01851-DDP (DTB)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.  Vydox is a purported "male enhancement" product that promises outlandish results and does not deliver. Unfortunately, Defendants go further than just promising outlandish results; Defendants knowingly put forth false and misleading information.

2.  Defendants promise:

✓ *Powerful & Effective*

- ✓ *Male Virility Supplement*
- ✓ *Bigger, Firmer & Stronger Erections*
- ✓ *Substantial Increase in Sexual Drive and Stamina*
- ✓ *Increased Self Confidence*
- ✓ *Satisfaction for your Sexual Partner*
- ✓ *Premium Formula = Premium Results*
- ✓ *Stronger Libido*
- ✓ *No Side Effects*
- ✓ *Vydox was formulated around the same principles that Viagra, Cialis, and Levitra were developed (decreasing PDE-5 enzyme levels), but with an all-natural formulation.*

3. Defendant makes the aforementioned promises that are welcomed by consumers, or would be welcomed by consumers, were it not for the fact that Vydox does not and cannot deliver the promised results. Defendant profits greatly from its consumer deception as a month supply of Vydox costs unwary consumers upwards of $84.95—for a completely worthless product.

4. Accordingly, ROBERT MATUS ("Plaintiff") brings this lawsuit to recover the money taken by this practice.

## II.   THE PARTIES

### A.   Plaintiffs

5. ROBERT MATUS ("Plaintiff") is a resident of San Bernardino County, California who purchased Vydox for approximately $30.00, from an internet reseller, and agent for Defendant, for his personal use.

### B.   Defendants

6. PREMIUM NUTRACEUTICALS, LLC. ("Defendant") is the manufacturer, marketer, and seller of Vydox, with its principal place of business in Georgia. Defendant does business in California and in nearly every state.

### C. Doe Defendants

7. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 20, and therefore sue such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution.

9. Venue is proper in this Court because a substantial portion of the events giving rise to this Complaint took place in this County, and because Defendant has received substantial compensation from sales in this County. Defendant claims that 1.4% of its total revenue is derived from California sales. Defendant admits that its products are sold to California residents. Each Defendant knowingly engages in activities directed at consumers in this County, and each of the Defendants obtains substantial benefits from the Defendant's common scheme perpetrated in this County. Plaintiff has filed concurrently with his original Complaint in this matter the declaration of venue required by Civil Code Section 1780(d). (Attached thereto as Exhibit 1).

10. Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

### IV. FACTS

11. Plaintiff purchased Vydox in April of 2015 over the internet because he hoped to obtain the results that are promised by Defendant (these promises are delineated in paragraph 12). Prior to purchasing Vydox, Plaintiff read, reviewed, relied

upon, and believed the false claims made in the advertising of Vydox, the product packaging, and the Vydox website.

12.     Defendant induces unwitting consumers into believing that Vydox increases: penis firmness, sexual desire, sexual duration, and sexual virility. Vydox even claims to be on par with prescription drugs such as Viagra and Cialis. Additionally, Defendant falsely claims that Vydox:

- ✓ *Powerful & Effective*
- ✓ *Male Virility Supplement*
- ✓ *Bigger, Firmer & Stronger Erections*
- ✓ *Substantial Increase in Sexual Drive and Stamina*
- ✓ *Increased Self Confidence*
- ✓ *Satisfaction for your Sexual Partner*
- ✓ *Premium Formula = Premium Results*
- ✓ *Stronger Libido*
- ✓ *No Side Effects*
- ✓ *Vydox was formulated around the same principles that Viagra, Cialis, and Levitra were developed (decreasing PDE-5 enzyme levels), but with an all-natural formulation.*

13.     The preceding claims are false. Indeed, Defendant has no competent and reliable evidence to substantiate claims that Vydox produces results. Additionally, Defendant cannot substantiate claims that Vydox increases penis size. Furthermore, Defendant is or should be aware that Vydox does not produce and is not proven to produce results as advertised. Instead, Defendant makes these false advertising claims in an effort to lure unwary consumers into paying an inflated price for a worthless product. Plaintiff is aware of his burden of proof and will show at trial that each of the aforementioned claims is false. Defendant's awareness of these false statements is not stated in an attempt to shift the burden of proof, it is simply stated to show that Defendant's conduct is willful and malicious in that Defendant has or should have full

knowledge that the claims are false. Regarding Plaintiff's burden of proof, both the Federal Trade Commission and the Mayo Clinic have recognized that products, such as Defendant's, do not work. "No herbal or all natural substance has been shown to be effective [for male enhancement]." *See* www.consumer.ftc.gov/articles/0202-phony-cures-erectile-dysfunction and www.mayoclinic.org.

14. Each of the defendants participated in and/or profited from making or promulgating these false claims.

15. Every year tens of millions of people suffer from erectile dysfunction. The effects of erectile dysfunction are not just physical. Erectile dysfunction touches numerous aspects of the sufferer's life. Erectile dysfunction causes mental and emotional trauma not only to the person with erectile dysfunction, but also to his partner.

16. The leading causes of erectile dysfunction are: vascular disease, diabetes, neurological conditions, Peyronie's disease, venous leak, and psychological conditions. Defendant specifically targets members of each of these categories. The most notable of these groups are the elderly, those suffering from physical conditions, such as diabetes, depression, high blood pressure, and those with fertility issues. The promised results would be welcomed by any of the sufferers that Defendant targets; sadly, the claims are worthless. Vydox does not produce the miraculous promised results.

17. Plaintiff used Vydox as directed but did not obtain the results promised. Vydox did not increase the firmness of his erection, it did not increase the size of his erection, it did not increase his sex drive, and it did not produce a stronger libido. By failing to deliver the promised results, it is clear that Vydox, and over the counter supplement, is not in the same category as prescription erectile dysfunction medicine. In reality, Vydox does not: (1) increase penis firmness; (2) increase erection size; (3) increase sex drive; (4) produce a stronger libido; or (5) belong in the same category as prescription drugs such as Viagra or Cialis. Vydox was worthless to Plaintiff. As such,

Plaintiff—like every other class member—has suffered significant injury by purchasing and using Vydox when it was of no value.

18. Defendant sells Vydox for upwards of $84.95 per package based on the preceding false claims. As a result, Defendant has wrongfully taken hundreds of thousands of dollars from California consumers.

## V. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within the United States who purchased Vydox at any time during the four years preceding the filing of this complaint through the date of trial in this action.

20. Excluded from the Classes are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement involving Vydox. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

21. The proposed Classes are so numerous that individual joinder of all their members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Classes are numerous and geographically dispersed across California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

///

22. There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a. Whether Defendant's efficacy claims are accurate;

    b. Whether Defendant's efficacy claims are properly substantiated;

    c. Whether Defendant has falsely represented that Vydox has uses and benefits which it does not have;

    d. Whether Defendant knew that its efficacy claims were false;

    e. Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

    f. Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

    g. Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

    h. Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages; and

    i. Whether Plaintiff and Class members are entitled to restitutionary relief;

23. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning Vydox and purchased it based on those representations.

24. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

Plaintiff has retained a law firm who is widely recognized as one of the most successful and effective class action litigators in California, and whose victories have been publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper.

25.  Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impracticable.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

26.  Adjudication of individual class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## VI.   CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT
## (CAL. CIV. CODE §§ 1750, *ET SEQ.*)
**(By Plaintiff and on Behalf of the Class Against Defendant)**

27.  Plaintiff incorporates by this reference the allegations contained in the

paragraphs above as if fully set forth herein.

28. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased Vydox in reliance on Defendant's marketing claims with respect to efficacy. Plaintiff used Vydox as directed, but it did not work as advertised and was not of the quality and standard advertised by Defendant.

29. Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, *et seq.* (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the efficacy of Vydox. These business practices are misleading and/or likely to mislead consumers.

30. Defendant has engaged in deceptive acts or practices intended to result in the sale of Vydox in violation of Civil Code § 1770. Defendant knew and/or should have known that its representations of fact concerning the efficacy of Vydox were material and likely to mislead the public. Defendant affirmatively misrepresented that Vydox was of a certain standard and quality with certain benefits which it did not have.

31. Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions: (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9). As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched.

32. There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.

33. Plaintiff's counsel mailed to Defendant, by certified mail, return receipt

requested, the written notice required by Civil Code Section 1782(a) on July 28, 2015. A copy of this letter was attached to Plaintiff's Complaint as Exhibit Two. As Defendant has now refused to conform its actions to the requirements of the Consumer Legal Remedies Act, Plaintiff now amends his Complaint to seek damages pursuant to the Consumer Legal Remedies Act. As part of the amendment, considering the removal of the action to Federal Court, Plaintiff is withdrawing his demand for injunctive relief. Plaintiff's demand for injunctive relief will be re-filed in California state court.

34. The declaration of venue required by Civil Code § 1780(d) was attached to Plaintiff's Complaint as Exhibit One.

35. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Consumer Legal Remedies Act since Defendant is still representing that Vydox has characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiff and the Class.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

36. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

37. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased Vydox in reliance on Defendant's marketing claims. Plaintiff used Vydox as directed, but it did not work as advertised and did not provide any of the promised benefits.

38. Defendant has engaged in false advertising as it has disseminated false and/or misleading representations about Vydox.

39. Defendant knew or should have known by exercising reasonable care that

its representations were false and/or misleading. During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of Vydox to Plaintiff, Class members, and the consuming public that Vydox is effective.

40. Each of the aforementioned representations alleged in this Complaint was false and misleading because Vydox is not of the standard, quality or grade advertised, and is in reality, ineffective.

41. By disseminating and publishing these statements in connection with the sale of Vydox, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

42. As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

43. Plaintiff seeks restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

## THIRD CAUSE OF ACTION
## UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES
## (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)
**(By Plaintiff and on Behalf of the Class Against Defendant)**

44. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

45. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased Vydox in reliance on Defendant's marketing claims. Plaintiff used Vydox as directed, but it did not work as advertised and was not of the standard, quality and grade advertised.

46. Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

47. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of Vydox to Plaintiff, Class members, and the consuming public that, Vydox was effective.

48. Each of the aforementioned representations alleged in this Complaint was false and misleading because Vydox is not of the standard, quality or grade advertised.

49. Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to Vydox as set forth herein.

50. Defendant's business practices, as alleged herein, are unlawful because they violate the Consumer Legal Remedies Act and False Advertising Law.

51. Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that Vydox has characteristics and benefits it does not have.

52. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling Vydox in a manner likely to deceive the public.

53. As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and

members of the Class have suffered economic injury by losing money as a result of purchasing Vydox. Plaintiff and members of the Class would not have purchased or would have paid less for Vydox had they known that it was not as represented.

54. Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

# FOURTH CAUSE OF ACTION
# NEGLIGENT MISREPRESENTATION
### (By Plaintiff and on Behalf of the Class Against Defendant)

55. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

56. During the Class Period, Defendant misrepresented to consumers through the advertising, marketing, and sale of Vydox that use of Vydox would increase penis firmness, increase sexual arousal, and provide greater satisfaction to one's sexual partner.

57. Defendant's misrepresentations were false because Vydox does increase penis firmness, increase sexual duration, or provide greater satisfaction to one's sexual partner. In fact, no competent, reliable scientific research can support Defendant's claims and is actually contrary to Defendant's claims.

58. Defendant's misrepresentations were material because a reasonable consumer would attach importance to them in determining whether to purchase and use Vydox.

59. Defendant's material misrepresentations regarding the efficacy of Vydox are false and made without reasonable grounds for believing them to be true.

60. Defendant made material misrepresentations regarding Vydox with the intent to induce Plaintiff and Class members to purchase and use Vydox.

61. Plaintiff and Class members reasonably relied on Defendant's material misrepresentations in choosing to purchase and use Vydox.

62. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have incurred damages in an amount to be proven at trial. Plaintiff and Class members are not seeking damages arising out of personal injuries.

## FIFTH CAUSE OF ACTION
## FRAUD
**(By Plaintiff and on Behalf of the Class Against Defendant)**

63. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

64. During the Class Period, Defendant misrepresented to consumers through the advertising, marketing, and sale of Vydox that use of Vydox would increase penis firmness, increase sexual arousal, and provide greater satisfaction to one's sexual partner.

65. Defendant's misrepresentations were false because Vydox does increase penis firmness, increase sexual duration, or provide greater satisfaction to one's sexual partner. In fact, no competent, reliable scientific research can support Defendant's claims and is actually contrary to Defendant's claims.

66. Defendant's actions constitute fraud because: (1) the statement regarding efficacy of Vydox, outlined herein, are material facts; (2) Defendant is or should be aware that such facts are false; (3) Defendant's actions were designed to deceive consumers and did deceive consumers into buying a worthless product; (4) Plaintiff and members of the Class relied on Defendant's false statements in purchasing Vydox; and (5) Plaintiff and the Class suffered an injury in fact-each lost money in purchasing a worthless product.

67. Defendant's misrepresentations were material because a reasonable consumer would attach importance to them in determining whether to purchase and use Vydox.

68. Defendant's material misrepresentations regarding the efficacy of Vydox are false and made without reasonable grounds for believing them to be true.

69. Defendant made material misrepresentations regarding Vydox with the intent to induce Plaintiff and Class members to purchase and use Vydox.

70. Plaintiff and Class members reasonably relied on Defendant's material misrepresentations in choosing to purchase and use Vydox.

71. Who: Plaintiff and the Class relied on Defendant's material statements in purchasing Vydox. As a result, Plaintiff and the Class suffered an injury in fact-loss of purchase price. Defendant, through advertising and labeling of Vydox made false statements in an effort to lure consumers to purchase Vydox, as outlined herein.

72. What: Defendant made false statements regarding the efficacy of Vydox in an effort to deceive Plaintiff and the Class. Defendant was successful in that Plaintiff and the Class justifiably relied on the false statements made by Defendant, as outlined herein.

73. When: Plaintiff purchased Vydox in April of 2015 after relying on false statements made by Defendant.

74. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have incurred damages in an amount to be proven at trial. Plaintiff and Class members are not seeking damages arising out of personal injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them as named in the future, as follows:

1. For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendant;

2. For damages suffered by Plaintiff and Class members under California Business and Professions Code Sections 17200, 17500, et seq.;

3. For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

NEWPORT TRIAL GROUP

4. For an award punitive damages for willful and malicious conduct;

5. For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6. For Plaintiff's costs of the proceedings herein;

7. For reasonable attorneys' fees as allowed by statute; and

8. For any and all such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: October 5, 2015

NEWPORT TRIAL GROUP
A Professional Corporation

By: */s/ Ryan M. Ferrell*
Ryan M. Ferrell
Attorney for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2015, I electronically filed the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                          */s/ Ryan M. Ferrell*
                          Ryan M. Ferrell

**NEWPORT TRIAL GROUP**